J. A19038/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
          v.   :
  :
ROBERT A. McGARVEY,   :   No. 1809 MDA 2017
  :
        Appellant   :

Appeal from the Judgment of Sentence Entered October 23, 2017,
in the Court of Common Pleas of Dauphin County
Criminal Division at No. CP-22-CR-0003082-2016

BEFORE:  GANTMAN, P.J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED: NOVEMBER 5, 2018**

Robert A. McGarvey appeals from the October 23, 2017 judgment of sentence entered in the Court of Common Pleas of Dauphin County following his conviction in a waiver trial of one count each of open lewdness and disorderly conduct (obscene gesture) and two counts of harassment.[1]  The trial court imposed an aggregate sentence of six months of probation, together with fines totaling $55, a mental health evaluation and treatment, and 50 hours of community service.  The trial court also ordered that appellant have no contact with the victim and that appellant no longer be permitted in Strawberry Square, the mall where the incident giving rise to appellant's convictions occurred.  We affirm.

---

[1] 18 Pa.C.S.A. §§ 5901, 5503(a)(3), and 2709(a)(2) and (a)(3), respectively.

The trial court set forth the following:

> The bench trial held on September 1, 2017 established the following facts. The victim[Footnote 7] testified that she would get off school at 2:40 p.m. and would go sit in the food court at Strawberry Square, located in downtown Harrisburg. The victim would do this pretty much every day after school and remembers the incident that occurred on March 7, 2016. The victim recognized and identified the Appellant and the victim indicated that on this particular date, the Appellant sat closer to her than he had before. The victim also testified that she saw the Appellant most days since the beginning of the 2015 school year (end of August). On the date of the incident, Appellant sat at a different table and the victim adjusted her computer so that the Appellant could not see her. After about an hour, the Appellant got up and left. At this time, a woman[Footnote 9] who was present on the date of the incident went up to the victim to see if the victim was ok. On cross-examination, the victim again reiterated that the Appellant would always sit at a table near her and would stare at her. On one occasion, the victim told the Appellant to stop staring at her because he was making her uncomfortable. The Appellant returned in a couple days and continued to sit across from the victim.

>> [Footnote 7] At the time of the bench trial, the victim was a 16 year old girl.

>> [Footnote 9] This woman is Caroline Mitchell who testified.

> Caroline Mitchell ("Mitchell") also testified on behalf of the Commonwealth. Mitchell testified that she was working at Strawberry Square at the time of the incident. Mitchell could see a lot of jerking and arm activating and it appears that the Appellant was relieving himself. Mitchell also noticed the victim sitting near the Appellant. Mitchel[l] testified that his hands were in his crotch area and that it looked like the Appellant was mast[u]rbating. Mitchell met with

police on March 9, 2015 and was able to identify the Appellant. Finally, Mitchell reiterated that the Appellant was mast[u]rbating, making weird faces and relieving himself. Officer Christopher Cruz, of the Pennsylvania Capitol Police, also testified that he was assigned to the investigation. The Appellant also testified at the bench trial but indicated that he did not remember what happened on March 7, 2015.

Trial court opinion, 1/3/18 at 2-3 (record citations and footnote 8 omitted).

The record reflects that following his convictions, appellant filed a timely post-sentence motion, which the trial court denied. Appellant then filed a timely notice of appeal. The trial court ordered appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied. The trial court then filed its Pa.R.A.P. 1925(a) opinion.

Appellant raises the following issues for our review:[2]

> [1.] Whether the Commonwealth failed to present sufficient evidence, as a matter of law, to sustain appellant's convictions where the Commonwealth did not prove, *inter alia*, that the appellant actually committed any lewd act that would affront or alarm others if observed, nor committed any act with the intent to cause a public inconvenience, annoyance or alarm, nor committed repeated acts with the intention of annoying, alarming, or harassing another person.
>
> [2.] Whether the trial court erred when it denied appellant's post-sentence motion because the verdict was so contrary to the weight of the evidence as to shock one's sense of justice?

Appellant's brief at 6 (full capitalization omitted).

---

[2] We have re-ordered appellant's issues for ease of discussion.

We first address appellant's challenge to the sufficiency of the evidence to sustain his convictions.[3] A reading of appellant's brief on this issue reveals that appellant does nothing more than challenge the credibility of the witnesses, take issue with the Commonwealth's failure to produce a videotape of the incident to corroborate witness testimony, and refer to the argument he advances to support his weight challenge. (*See* appellant's brief at 17-20.) In so doing, appellant challenges the weight of the evidence, not its sufficiency. *See*, *e.g.*, *Commonwealth v. Gibbs*, 981 A.2d 274, 281-282 (Pa.Super. 2008) (an argument that the fact-finder should have credited one witness's testimony over that of another witness goes to the weight of the evidence, not the sufficiency of the evidence); *Commonwealth v. Wilson*, 825 A.2d 710, 713-714 (Pa.Super. 2003) (a review of the sufficiency of the evidence does not include a credibility assessment; such a claim goes to the weight of the evidence); *Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa.Super. 1997) (the fact-finder makes credibility determinations, and challenges to those determinations go to the weight of the evidence, not the sufficiency of the evidence).

> The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. Where the record adequately

---

[3] We note that although appellant did not challenge the sufficiency of the evidence in his post-trial motion, this issue is not waived. *See* Pa.R.Crim.P. 606, cmt. ("The defendant may also raise [a challenge to the sufficiency of the evidence] for the first time on appeal under [paragraph] (A)(7).").

> supports the trial court, the trial court has acted within the limits of its discretion.
>
> . . . .
>
> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> . . . .
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Clay*, 64 A.3d 1049, 1054-1055 (Pa. 2013) (citations and quotation marks omitted). "In order for a defendant to prevail on a challenge to the weight of the evidence, 'the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.'" *Commonwealth v. Talbert*, 129 A.3d 536, 546 (Pa.Super. 2013) (citation omitted).

In his brief, appellant contends that Ms. Mitchell's testimony that appellant was masturbating in public was mere speculation and but for that testimony, appellant would not have been convicted of open lewdness and

disorderly conduct (obscene gesture). (Appellant's brief at 13-14.) Appellant further maintains that the victim's testimony that resulted in his harassment convictions "qualifies as mere presence and routine, rather than intent to harass." (*Id.* at 15.) In so doing, appellant invites us to do nothing more than assess the credibility of the witnesses and reweigh the evidence in an attempt to convince us to reach a different result than the trial court reached. We decline appellant's invitation. The trial court, as fact-finder, had the duty to determine the credibility of the testimony and evidence presented at trial. *See Talbert*, 129 A.3d at 546. Appellate courts cannot and do not substitute their judgment for that of the fact-finder. *See id.* Here, the trial court found the testimony of Ms. Mitchell and the victim to be credible. The verdict is not so contrary to the evidence as to shock the conscience. Therefore, the trial court properly denied appellant's weight of the evidence claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/05/2018